NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEYOND CUSHIONS CORPORATION., <br> Plaintiff, <br> v. <br> THE TJX COMPANIES, INC. AND DESIGN ACCENTS LLC., <br> Defendants. | Civil Action No.: 2:18-cv-10268 <br><br> OPINION |

**CECCHI, District Judge.**

**I.   INTRODUCTION**

This matter comes before the Court on the motion of Plaintiff Beyond Cushions Corporation ("Plaintiff") for default judgment against Defendant Design Accents LLC ("Defendant" or "Design Accents"). ECF No. 17. The time for Defendants to answer or otherwise respond to Plaintiff's complaint has expired. *See* Fed. R. Civ. P. 12(a). Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a Default against Defendants on November 27, 2018. Plaintiff filed the instant motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) on March 23, 2019. ECF No. 30. Defendant does not oppose default judgment. ECF Nos. 31 & 32. For the following reasons, Plaintiff's motion for default judgment is granted.

**II.   BACKGROUND**

Plaintiff filed the instant action for copyright infringement against Defendants the TJX Companies, Inc. ("TJX")[1] and Design Accents on June 7, 2018. ECF No. 1 ("Compl."). According to the complaint, Plaintiff is the owner of nine copyrighted designs of embroidered pillow cushions depicting famous skylines and landmarks from major cities around the world.

---

[1] Plaintiff and Defendant the TJX Companies, Inc. entered into a stipulation of dismissal on February 28, 2019. ECF No. 28.

Compl. ¶¶ 10, 11. Plaintiff sold its signature pillow cushions to Design Accents from April 2015 to March 2017. Id. ¶ 19. However, in March 2017, Plaintiff ended its business relationship with Design Accents due to nonpayment and terminated Design Accents' authorization to sell and distribute the pillow cushions with Plaintiff's protected design. Id. ¶ 20. Thereafter, despite this termination, Design Accents sold and distributed pillow cushions bearing Plaintiff's registered designs without the knowledge or authorization of Plaintiff. Id. ¶ 15. On two occasions, Plaintiff provided written notice to Design Accents that its sale of pillow cushions with Plaintiff's registered design constituted infringement of its copyrights. Id. ¶¶ 32, 33. Plaintiff contends that both Defendants TJX and Design Accents continued to import, manufacture, and sell unauthorized pillow cushions after Plaintiff demanded they cease and desist from doing so. Id. ¶ 48. Design Accents profited from their unauthorized sale of the infringing pillow cushions, which resulted in significant economic and monetary damages to Plaintiff. Id. ¶¶ 34, 35.

Design Accents was served with a copy of the summons and complaint on July 31, 2018. ECF No. 6. On September 18, 2018, a purported answer to the complaint was filed by Design Accents' President, Mr. Aman Kakar. ECF No. 9. Thereafter, the Clerk of the Court informed Design Accents that corporations cannot proceed *pro se* and must be represented by counsel. Plaintiff subsequently filed a letter with the Court requesting leave to file a Motion to Strike Design Accents' *Pro Se* Answer to the Complaint on November 2, 2018. ECF No. 11. On November 13, 2018, Magistrate Judge Steven Mannion granted Beyond Cushions' Motion to Strike, and reiterated that corporations cannot proceed *pro se*. ECF No. 12. Thereafter, Design Accents' President, Mr. Aman Kakar asked the Court to allow Design Accents to proceed *pro se*. ECF No. 13. Magistrate Judge Steven Mannion denied this request on November 27, 2018. ECF No. 16. No attorney has entered an appearance for Design Accents as of the date of this Opinion.

On November 19, 2018, Beyond Cushions filed and served a request that the Clerk of the Court enter default against Design Accents pursuant to Fed. R. Civ. P. 55(a). ECF No. 14. Default was entered as to Design Accents on November 27, 2018. Plaintiff now seeks default judgment and requests injunctive and monetary relief. ECF No. 30. Design Accents' President, Mr. Aman Kakar, has submitted two letters in response. ECF Nos. 31 & 32. Mr. Kakar states that Design Accents was unaware of any copyrights on the designs at issue and further requests that the Court proceed with the final judgment because the company is in "very bad shape" and needs to be closed. Id.

### III. LEGAL STANDARD

"Federal Rule of Civil Procedure 55 governs default. After the clerk's entry of default pursuant to Rule 55(a), a plaintiff may then seek the court's entry of default pursuant to Rule 55(b)(2)." *Super 8 Worldwide, Inc. v. Urmita, Inc.*, No. 10-5354, 2011 WL 2909316, at *2 (D.N.J. July 18, 2011). A court's entry of default judgment is discretionary; however, the court must still decide whether Plaintiff has adequately set forth a cause of action. *See Premium Sports, Inc. v. Silva*, No. 15-1071, 2016 WL 223702, at *1 (D.N.J. Jan. 19, 2016). In making its decision, the court must accept the complaint's factual allegations as true, except for those with respect to damages. *See id.* Before imposing a default judgment, district courts must make explicit factual findings as to: (1) the prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a meritorious defense, and (3) the culpability of the party subject to default. *See Chamberlin v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

"The district court has considerable latitude in determining the amount of damages. The court is not required to conduct a hearing 'as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment.'" *Super 8 Worldwide, Inc.*, 2011 WL 2909316, at *2

3

(alterations in original) (citations omitted). "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944).

## IV. DISCUSSION

Plaintiff seeks entry of default judgment against Defendant Design Accents for failure to plead or otherwise defend against Plaintiff's complaint for copyright infringement under the Copyright Act, 17 U.S.C. § 101, and New Jersey common law claims for breach of implied and/or quasi-contract, unfair competition and unjust enrichment. Pl. Br. at 7. Preliminarily, the Court notes that it has subject matter jurisdiction over this action as it arises under federal law, namely the Copyright Act. 28 U.S.C. § 1331. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the claims that arise under state common law. Moreover, personal jurisdiction over Design Accents exists because Design Accents is a limited liability company organized under the laws of New Jersey that regularly does business in the State of New Jersey. *See* Compl. ¶ 8. Additionally, the Court determines that Defendant Design Accents was properly served with a copy of the Summons and Complaint.

### A. Legitimate Causes of Action

Before determining whether default judgement is proper, the Court must determine whether Plaintiff has stated sufficient causes of action as to each claim, accepting the factual allegations in the complaint as true, except those relating to the amount of damages. *Super 8 Worldwide, Inc.*, 2014 WL 5475217, at *1. The Court will now address each asserted claim to determine whether Plaintiff has pled sufficient causes of action.

4

1. **Copyright Infringement**

Plaintiff's first claim is for copyright infringement pursuant to 17 U.S.C. §§ 106, 501. To demonstrate infringement, a Plaintiff must show: (1) the ownership of a valid copyright, and (2) copying of original elements of the work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 449 U.S. 340, 361 (1991); *see also Dun & Bradstreet Software Servs. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002). Copying may be proved inferentially by showing that the defendant had access to the alleged infringing copyrighted work and that the defendant's work is substantially similar to the copyrighted work. *See PDS Pathology Data Sys. v. Zoetis Inc.*, No. 16-2072, 2018 WL 5033751, at *2 (D.N.J. Oct. 17, 2018).

Here, Plaintiff has sufficiently demonstrated a *prima facie* claim for copyright infringement. As alleged in the complaint and accompanying exhibits, Plaintiff is the exclusive rights holder and owner of nine copyright registrations for embroidered pillow cushions depicting famous skylines and landmarks from major cities around the world. Compl. ¶ 10-12. Plaintiff further alleges that Design Accents have offered for sale, sold, and/or distributed these pillow cushions with Plaintiff's proprietary designs without the authorization of Plaintiff. Id. ¶ 15. The pillows that Design Accents sold were the same or substantially similar in composition, color, layout, and general appearance of Plaintiff's protected design. Compl. ¶¶ 25, Exh. B, Exh. C. Moreover, Plaintiff asserts that Design Accents had access to all of Plaintiff's signature pillow designs on account of their previous business relationship and copied those designs to sell pillows without Plaintiff's consent. Id. ¶¶ 19-24; *see also PDS Pathology Data Sys.*, 2018 WL 5033751, at *2. Based on these allegations, the Court finds that Plaintiff has properly pled that Defendant Design Accents violated the Copyright Act.

### 2. Remaining State Law Claims

In counts three, four, and five of the complaint, Plaintiff raises various New Jersey common law claims.[2] Plaintiff's third claim is for breach of implied contract. To recover on a theory of implied contract, a plaintiff must prove that the defendant received a benefit and that retention of this benefit without payment would be unjust. *Callano v. Oakwood Park Homes Corp.*, 219 A.2d 332, 334 (Super. Ct. App. Div. 1966). Plaintiff has met these elements by pleading that Design Accents gained a significant financial benefit from the unauthorized use of Plaintiff's copyrighted designs and that Design Accents would be unjustly enriched if it retained the benefits of its unauthorized reproduction of pillow cushions. Compl. ¶¶ 63-65.

Plaintiff's fourth claim is for unfair competition under New Jersey common law. "New Jersey law is not precise about what constitutes unfair competition." *Avaya, Inc., RP v. Telecom Labs, Inc.*, 838 F.3d 354, 386 (3d Cir. 2016). The goal of unfair competition law is to discourage misleading or deceptive practices which render competition unfair. See *Syncsort Inc. v. Innovative Routines Int'l, Inc.*, No. 04-3623, 2008 WL 1925304, at *15 (D.N.J. Apr. 30, 2018). Plaintiff alleges that Defendant engaged in deceptive acts that caused Plaintiff actual losses and damages, as explained above, in violation of New Jersey common law. The Court finds that these allegations, in conjunction with other facts alleged in the complaint, are sufficient to support an unfair competition claim. *See, e.g., Microsoft Corporation v. Softicle.com*, 2017 WL 5517379, at *6 (D.N.J. Sept. 29, 2017).

Finally, Plaintiff's fifth claim is for unjust enrichment, the elements of which are: (1) "Plaintiff conferred a benefit on defendant that enriched defendant beyond its contractual rights

---

[2] Count two is not at issue here because it was asserted only against Defendant TJX, who entered into a stipulation of dismissal with Plaintiff on February 28, 2019. ECF No. 28.

and[; (2)] 'retention of that benefit without payment would be unjust.'" *Super 8 Worldwide, Inc.*, 2014 WL 5475217, at *2 (citations omitted). Plaintiff contends that Defendant has retained profits from selling Plaintiff's copyrighted pillow designs and Design Accents' retention of this benefit is unjust and inequitable. Compl. ¶¶ 74-75. Based on the foregoing, the Court finds that Plaintiff has set forth claims for breach of implied contract, unfair competition, and unjust enrichment.

## B. Default Judgment

As Plaintiff has pled valid causes of action, the Court must now consider three factors that control whether a default judgment should be granted. In making this determination, the Court must make explicit factual findings as to (1) prejudice to the plaintiff if default is denied, (2) whether the defendant has a meritorious defense, and (3) the culpability of the defendant. *Chamberlain v. Giampapa*, 210 F.3d 154, 163 (3d Cir. 2000); *Super 8 Worldwide, Inc.*, 2014 WL 5475217, at *1.

Here, the Court concludes that without the Court's intervention, Plaintiff may continue to be harmed by Defendant's infringement as to the pillow cushions at issue and will therefore be prejudiced if relief is not granted. According to the uncontested allegations, Design Accents has continued to distribute and sell pillows with Plaintiff's copyrighted designs despite Plaintiff's efforts to notify Design Accents of their infringement. Moreover, Design Accents does not appear to have any litigable defenses in this matter and it has not properly responded through counsel, which indicates the lack of a meritorious defense and constitutes culpable conduct. *See York Int'l Corp. v. York HVAC Sys. Corp.*, No. 09-3546, 2010 WL 1492851 (D.N.J. Apr. 14, 2010) (holding that failure to respond is culpable conduct and indicates no meritorious defense). Accordingly, "the requirements for granting default judgment are satisfied" and the Court finds that default

7

judgment against Design Accents is appropriate. *Super 8 Worldwide, Inc.*, 2011 WL 2909316, at *2.

**II. Appropriate Relief**

The Court must next consider Plaintiff's request for damages, injunctive relief, and costs. As for damages, the Copyright Act states that a plaintiff "may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). The Court has broad discretion to impose damages in an amount between the statutory minimum and maximum. *See Broad. Music, Inc. v. Crocodile Rock Corp.*, 634 F. App'x 884, 886 (3d Cir. 2015). Plaintiff seeks an award of $30,000.00 in statutory damages for each of its nine copyrighted works alleged in the complaint, totaling $270,000. Pl. Br. at 15. Because Design Accents did not properly answer Plaintiff's complaint, Plaintiff did not have the opportunity to determine actual damages and profit disgorgement, and therefore argues that statutory damages are particularly appropriate here. Pl. Br. at 15. Plaintiff also notes that the Copyright act authorizes an increased award of $150,000 per infringement where there is willful infringement, as it alleges is the case here, but has opted to only request $30,000 per work, an amount reasonable and justified under the circumstances of this case. Id.

In determining the amount of statutory damages, the Court is guided by consideration of the following factors: "(1) expenses saved and profits reaped by the infringer; (2) revenues lost by the plaintiff; (3) the strong public interest in ensuring the integrity of the copyright laws; and (4) whether the infringement was willful and knowing or innocent." *Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc.*, 658 F. Supp. 458, 465 (E.D. Pa. 1987). As to the first and second factors,

8

the Court finds that the expenses saved and profits reaped by the infringer, as well as the revenue lost by Plaintiff, weighs in favor of statutory damages at the high end of the range. Upon termination of Plaintiff and Design Accent's business relationship, Design Accents continued to reap profits from Plaintiff's designs by continuing to produce the copyrighted pillow cushions. Compl. ¶¶ 20-22, 24. In terms of revenues lost, Plaintiff represents that it is aware of 2,200 units, at minimum, of pillows with Plaintiff's design that were supplied by Defendant Design Accents and sold by Defendant TJX. Id. ¶ 10; *see also* ECF No. 30-5 & 30-6. Therefore, Plaintiff asserts that it lost at least $286,000 in profits, or $130 in profit for each of the 2,200 infringing pillows that were allegedly and unlawfully distributed by Design Accents. ECF No. 30-3 ¶ 14. Additionally, Plaintiff's reputation was damaged, and it has suffered a decline in sales as retailers have canceled or declined to place orders because the pillow cushions with its copyrighted designs were being sold elsewhere by Defendants. Compl. ¶ 35; Pl. Br. at 14.

Third, the strong public interest in ensuring the integrity of copyright laws also weighs in favor of damages on the high end of the range. A $270,000 award of damages is reasonable given the statutory range and will act as an effective deterrent for future potential infringers. Fourth, Plaintiff has provided sufficient facts to establish that Defendant was aware of its infringement of Plaintiff's designs, as Plaintiff sent Design Accents multiple letters notifying the company of its infringement. Compl. ¶¶ 32, 33. Design Accents continued to sell the infringing pillow cushions despite receiving, and even responding to, Plaintiff's letters. Id. These facts demonstrate that Design Accents continued to sell and distribute the protected pillow cushions despite having knowledge of the infringement. Therefore, based on these factors, the Court finds that statutory damages in the amount of $270,000 are proper.

Plaintiff also petitions the Court for a permanent injunction against Design Accents. Pl. Br. at 23. The Copyright Act authorizes permanent injunctive relief to prevent or restrain copyright infringement. *See* 17 U.S.C. § 502(a). A plaintiff seeking a permanent injunction in a copyright action must demonstrate that: (1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will not result in greater harm to the defendant; and (4) the injunction would be in the public interest. *Gucci Am., Inc. v. Daffy's Inc.*, 354 F.3d 228, 236-37 (3d Cir. 2003).

The Court finds that Plaintiff is entitled to a permanent injunction prohibiting Defendant from infringing Plaintiff's copyrighted pillow cushion design. First, as explained above, Plaintiff has pled facts to support a default judgement against Design Accents. While Design Accents' default has prevented the Court from fully deciding this matter, the Court concludes that Plaintiff has sufficiently shown the merits of its copyright infringement claims. Second, Plaintiff has adequately alleged that it suffered an irreparable injury based on Defendant's unauthorized sale and distribution of Plaintiff's designs, including loss of clients, sales, and reputation. Third, the injunction will not cause any greater harm to Design Accents as the injunction merely requires Defendant to adhere to pre-existing copyrights owned by Plaintiff. Finally, the public interest will be served as the injunctive relief requested will uphold copyright protections and prevent the misappropriation of protected work. Accordingly, the Court finds that an injunction is reasonable and necessary to prevent further violations of Plaintiff's trademark rights.

Plaintiff further argues that it is entitled to damages for claims three through five. However, Plaintiff only seeks damages for these three counts in the alternative, if statutory damages for copyright infringement are not awarded. Pl. Br. at 29. Because the Court finds that damages for copyright infringement are appropriate here, the Court need not address Plaintiff's request for alternative damages for counts three through five.

Finally, Plaintiff requests costs and attorney's fees in the amount of $44,773.92. Pl. Br. at 19-20. Section 505 of the Copyright Act expressly authorizes recovery of full costs by or against any party and further provides for an award of reasonable attorney's fee to the prevailing party. 17 U.S.C. § 505. Attorney's fees are ordinarily awarded to prevailing copyright plaintiffs. *See Axact (PVT), Ltd. v. Student Network Res., Inc.*, No. 07-5491, 2008 WL 4754907, at *3 (D.N.J. Oct. 22, 2008). In support of this request, Plaintiff provided the Court with a declaration of counsel, in which Plaintiff's counsel represented that Plaintiff has incurred costs in this case in the amount of $1,547.84, which includes the statutory filing fee and process service fees. ECF No. 30-3 ¶ 18. Moreover, Plaintiff's counsel stated that Plaintiff has incurred reasonable attorney's fees of $88,000 in this matter as it relates to both Defendant Design Accents and Defendant TJX. Id ¶ 19; *see also* Pl. Br. at 19. Plaintiff seeks to split its total amount for attorney's fees between the two Defendants and, accordingly, requests $44,773.92 from Defendant Design Accents. Pl. Br. at 19-20. The Court finds that Plaintiff's requests are reasonable and that "[t]his evidence satisfies the legal standard, i.e., a basis for damages is supported by record evidence." *Super 8 Worldwide, Inc.*, 2011 WL 2909316, at *3.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment is granted. An appropriate Order accompanies this Opinion.

DATED: November 25, 2019

_____
**CLAIRE C. CECCHI, U.S.D.J.**