NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEYOND CUSHIONS CORPORATION., <br> Plaintiff, <br> v. <br> THE TJX COMPANIES, INC. AND DESIGN ACCENTS LLC., <br> Defendants. | Civil Action No.: 18-10268 <br><br> ORDER |

**CECCHI, District Judge.**

## I.  INTRODUCTION

This matter comes before the Court on the motion of Plaintiff Beyond Cushions Corporation ("Plaintiff") for default judgment against Defendant Design Accents LLC ("Defendant" or "Design Accents"). ECF No. 17. The time for Defendants to answer or otherwise respond to Plaintiff's complaint has expired. *See* Fed. R. Civ. P. 12(a). Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a Default against Defendants on November 27, 2018. Plaintiff filed the instant motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) on March 23, 2019. ECF No. 30. Defendant does not oppose default judgment. ECF Nos. 31 & 32. For the following r easons, Plaintiff's motion for default judgment is granted. For the reasons set forth in the Court's accompanying Opinion,

Accordingly, IT IS, on this 25th day of November, 2019,

**ORDERED** that final judgment is entered in favor of Plaintiffs and against Defendants, in the total amount of $314,773.92, comprised of the following:

$270,000 in statutory damages for copyright infringement;

$44,773.92 in attorneys' fees and costs;

and it is further

**ORDERED** that Defendant Design Accents and its officers, directors, partners, employees, and/or agents are hereby **PERMANENTLY ENJOINED** from using pillow cushions bearing Plaintiff's Designs or any colorable imitation thereof in any manner whatsoever, including manufacturing, offering, selling, transferring, advertising, or promoting any of Plaintiff's protected designs or any patterns substantially similar thereto; and it is further

**ORDERED** that, in order to give practical effect to the Permanent Injunction, Defendant is hereby ordered to surrender for destruction within thirty (30) days any remaining infringing products in Defendant's possession, custody, or control, by delivering such products to Plaintiff.

SO ORDERED.

_____
CLAIRE C. CECCHI, U.S.D.J.